**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------X
UNION OF ORTHODOX JEWISH      :
CONGREGATIONS OF AMERICA,     :
                              :
              Plaintiff,      :
                              :
        - against -           :
                              :
ROYAL FOOD DISTRIBUTORS       :
LIMITED LIABILITY COMPANY,    :
                              :
              Defendant.      :
------------------------------X

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-20-09
```

09 Civ. 6418 (VM)

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

By order dated September 9, 2009, the Court authorized entry of a default judgment in favor of plaintiff Union of Orthodox Jewish Congregations of America ("Orthodox Union"), against defendant Royal Food Distributors Limited Liability Company ("Royal Food") for Royal Food's unauthorized use of Orthodox Union's kosher certification mark (the "OU Mark") in violation of the Lanham Act, 15 U.S.C. § 1114(1). Upon consideration of Orthodox Union's written and oral evidence as to damages, attorneys' fees, and costs, the Court awards Orthodox Union a judgment in the amount of $356,189.02.

## I. BACKGROUND

According to Orthodox Union's Complaint for Damages and Injunctive Relief, dated July 20, 2009 (the "Complaint"), Orthodox Union is the sole and exclusive owner of the OU Mark, which has been used on thousands of food products to indicate that such products have been certified kosher. Consumers rely upon certification because of the complexity of kosher laws and

the difficulty in determining whether a food product is kosher.

On April 10, 2008, Orthodox Union entered into a written agreement with Royal Food (the "Agreement") under which Royal Food was granted limited rights to use the OU Mark in connection with the sale of certain specified goods.  In June 2009, Orthodox Union learned that Royal Food had been using the OU Mark on products not specified in the Agreement.  Orthodox Union informed Royal Food that its use of the mark was unauthorized and that it should provide letters of certification for the infringing products.

Royal Food responded with purported letters of certification that Orthodox Union rejected as not applicable to the relevant products.  On July 10, 2009, Orthodox Union demanded that Royal Food cease its infringing use of the OU Mark.  Royal Food continued to infringe on Orthodox Union's trademark, and on July 20, 2009, Orthodox Union brought this action.  Despite proper service, Royal Food never answered the Complaint, and the Court entered a default judgment against Royal Food on September 9, 2009.

## II. **DISCUSSION**

A.   STATUTORY DAMAGES

When the Court enters a default judgment, as regards liability it must "accept[] as true all of the factual allegations of the complaint," <u>Au Bon Pain Corp. v. Artect,</u>

Inc., 653 F.2d 61, 65 (2d Cir. 1981), but "the amount of damages are not deemed true." Credit Lyonnais Sec. (USA) v. Alcantara, 183 F.3d 151, 152 (2d Cir. 1999); see also Atias v. Sedrish, 133 F. App'x 759, 760 (2d Cir. 2005) ("As this proceeding follows a default judgment, we take liability and all well-pleaded allegations of [the] complaint to be proven, and give [plaintiff] the benefit of all reasonable inferences therefrom, except where pertaining to damages."). The Court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Credit Lyonnais, 183 F.3d at 155. This inquiry "involves two tasks: determining the proper rule for calculating damages on such a claim, and assessing plaintiff's evidence supporting the damages to be determined under this rule." Id.

Orthodox Union has elected to recover statutory damages under 15 U.S.C. § 1117(c) ("§ 1117(c)") instead of actual damages. Subsection 1117(c) provides trademark holders an alternative remedy to actual damages because "counterfeiters' records are frequently nonexistent, inadequate, or deceptively kept[,] ... making proving actual damages in these cases extremely difficult if not impossible." S. Rep. No. 104-177, at 10 (1995). Plaintiffs may recover between $1,000 and $200,000 in statutory damages "per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as

-3-

the court considers just," or if the violation was willful, up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." Id.

The statute "does not provide guidelines for courts to use in determining an appropriate award," Louis Vuitton Malletier v. Veit, 211 F. Supp. 2d 567, 583 (E.D. Pa. 2002), and is only limited by what "the court considers just." § 1117(c). However, courts have found some guidance in the case law of an analogous provision of the Copyright Act, 17 U.S.C. § 504(c), which also provides statutory damages for willful infringement. See, e.g., Louis Vuitton, 211 F. Supp. 2d at 583-84; Sara Lee Corp. v. Bags of N.Y., Inc., 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999). Under the Copyright Act, courts look to considerations such as: (1) "the expenses saved and the profits reaped"; (2) "the revenues lost by the plaintiff"; (3) "the value of the copyright"; (4) "the deterrent effect on others besides the defendant"; (5) "whether the defendant's conduct was innocent or willful"; (6) "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced"; and (7) "the potential for discouraging the defendant." Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., 807 F.2d 1110, 1117 (2d Cir. 1986).

Considering Royal Food's default, its knowledge of the need for approval before using the OU Mark, and its continued unauthorized use of the mark after ordered to cease and desist from doing so, the Court finds Royal Food's infringement willful, and therefore has discretion to award anywhere between $1,000 and $2,000,000 per counterfeit mark per type of good sold. Orthodox Union has identified four products manufactured, marketed, or distributed by Royal Food that display the OU Mark without authorization, including Veronica Bianca brand butter cookies, Veronica Bianca brand crackers, Veronica Bianca brand wafers, and Choice brand lemon juice. Thus, the Court may award statutory damages of up to $8 million.

As Royal Food never responded to Orthodox Union's Complaint, the Court must determine the statutory damages without the benefit of documentation relating to Royal Food's profits. However, given the strength of the OU Mark, the importance of the certification to consumers who rely upon its accuracy for religious and health reasons, Royal Food's willful infringement, and the need to deter any future infringement by Royal Food and others, the Court finds that an award of $75,000 per infringing product, $300,000 total, is appropriate and just. This award is consistent with statutory damages awarded by other district courts for infringement of the OU Mark. See

Union    of    Orthodox    Jewish    Congregations    of
Am. v. The Wilder Spice, Civil No. CCB-07-3122, 2008 WL
4372012, at *1 (D. Md. Sept. 10, 2008) (awarding the Orthodox
Union $300,000 for unauthorized use of the OU Mark on at least
four types of spices); Union of Orthodox Jewish Congregations
of Am. v. Fleet Technologies, LLC, Civ. A. No. 05-4605(WHW),
2008 WL 163583, at *1 (D.N.J. Jan. 16, 2008) (awarding $100,000
for unauthorized use of OU Mark).

B.   ATTORNEYS' FEES AND COSTS

     Pursuant to the Lanham Act, the Court may award reasonable
attorneys' fees and costs to the prevailing party in
"exceptional cases."  15 U.S.C. § 1117(a).  "In the Second
Circuit, exceptional cases warranting the award of reasonable
attorney's fees are limited to those evidencing fraud, bad
faith, or willful infringement."  See Protection One Alarm
Monitoring, Inc. v. Executive Protection One Security Serv.,
LLC, 553 F. Supp. 2d 201, 207 (E.D.N.Y. 2008) (citing Gordon &
Breach Sci. Publishers S.A. v. American Inst. of Physics, 166
F.3d 438, 439 (2d Cir. 1999)).  As discussed above, the Court
accepts Orthodox Union's allegations of willful infringement
against Royal Food, and finds that an award of attorneys' fees
and costs is appropriate.  Orthodox Union provided the Court
with a total figure of $56,189.02, which includes 34.5 hours of
work performed by David J. Butler, a partner, at a rate of $735
per hour; 66 hours of work performed by Daniel F. Mitry, an

-6-

associate, at a rate of $445 an hour; 0.3 hours of work by David Marcus, another associate, at a rate of $275 an hour; and additional costs of $1,232.02, which includes filing fees, process server fees, travel expenses, and expense reimbursements. The Court finds these fees and costs reasonable, and therefore awards Orthodox Union an additional $56,189.02 in attorneys' fees and costs.

### III. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that defendant Royal Food Distributors Limited Liability Company is liable to plaintiff Union of Orthodox Jewish Congregations of America, and the Clerk of Court is directed to enter judgment, in the total amount of $356,198.02, representing statutory damages of $300,000 and attorneys' fees and costs of $56,189.02.

The Clerk of Court is directed to withdraw any pending motions and to close this case.

**SO ORDERED.**


Dated:      New York, New York
            19 October 2009

                                    Victor Marrero
                                    U.S.D.J.

-7-